BAPTISTE COMEAU *v.* JEAN MELANÇON.

APPEAL from the District Court of La Fayette, *King*, J.

*Voorhies*, for the appellant.

*Lewis*, for the defendant.

MORPHY, J.   The petitioner alleges that he is the owner of a tract of land in Côte Gelée prairie, in the parish of La Fayette, containing 485 acres and $\frac{85}{100}$, which he acquired in virtue of his settlement and cultivation prior to the year 1803, and of a confirmation of his claim by an act of Congress in 1816; that his claim has been regularly surveyed and located, under the authority of the United States; that he has, for more than thirty years, been in the quiet, peaceable, and uninterrupted possession of the land, and had every reason to believe that he had an indisputable title to the same, when the defendant, without any right whatsoever, entered upon his premises, and erected on a portion thereof fences, houses, &c., with a view to use and cultivate the same as his own, thereby trespassing upon his (the petitioner's) land, and causing him damages to the amount of $500.   He prays to be declared the legal owner of the land, and to be quieted in the possession and ownership thereof, and for damages.   The answer avers that the defendant never enclosed or cultivated any land belonging to the petitioner; that all the land which he possesses and cultivates, belongs to a tract which he owns in the parish of La Fayette, at the place called Côte Gelée, containing three and two-thirds *arpens* in front, by a depth of forty *arpens;* that his (defendant's) title is derived from a Spanish grant to one Dauterive of one league and a half in front, which was afterwards sold in small portions to different individuals, and among others, to Simon Broussard, who purchased a piece of twenty-three *arpens*, which has since been regularly confirmed to him by the government of the United States, and that he (defendant) holds his tract from the said Simon Broussard through sundry mesne conveyances; that each of the portions sold by Simon Broussard was regularly located under the Spanish government by François Gousolin, a duly authorized Spanish surveyor, in such manner as to fix the front of the several tracts at a certain distance from the bayou Tortue, so as to give to the owners

about an equal portion of wood and prairie land ; that he (defendant) and those under whom he holds have been in the peaceable and uninterrupted possession of this land, according to the limits and boundaries fixed by the Spanish surveyor, for more than thirty years under just and sufficient titles, and that he has acquired the prescriptions of ten, twenty, and thirty years which he sets up against plaintiff's action. The judgment of the inferior court having been in favor of the defendant, the plaintiff has appealed.

From the plat of survey executed under an order of the District Court, it appears that the conflict which gives rise to the present controversy, results from the circumstance that the forty *arpens* with a front of three *arpens* and two-thirds on the bayou Tortue, to which the defendant asserts title, are claimed and have been measured from a line fourteen *arpens* and ten links distant from the bayou Tortue, instead of being measured off from the bayou itself, as the plaintiff contends they should be. The forty *arpens* of the defendant, when measured from the line he claims, reach a road in the prairie which separates his field from the house occupied by the plaintiff. The surveyor's *procés-verbal* mentions a post in the prairie close to the edge of the woods, which was represented to him by the defendant as the centre of his forty *arpens*, and as having been planted by Gousolin ; the twenty *arpens* on the north side of this post being woods, and the twenty *arpens* on the south side being prairie. The words " front to the bayou Tortue" in the defendant's certificate of confirmation, do not necessarily imply that his tract was to be measured from the margin of the bayou. But be this as it may, the defendant has entirely rested his case on his plea of prescription ; all the titles under which he holds and which go back as far as August, 1813, call for twenty *arpens* of wood land, and twenty *arpens* of prairie land ; and the testimony establishes that the defendant, and those under whom he holds, have cultivated the tract he claims to within one *arpent* and a half of the house of Comeau for the last twenty years, and that the defendant and the adjoining proprietors, holding under the same grant as himself, have always possessed twenty *arpens* in the woods, and have cultivated the land in the prairie to the end of the remaining twenty *arpens*, making the forty *arpens* called for by their titles, although they occasionally changed their fields ; that Morvan, a

former proprietor of the tract now owned by the defendant, and who possessed it about thirty years ago, extended his fences to within three *arpens* of the place where Comeau's house now stands, and cultivated the land up to that point. The plaintiff seems to have been himself perfectly aware of the location and extent of his neighbor's tract, for Joseph Bernard, one of the witnesses, informs us, that when he built the plaintiff's house, about twenty-three or twenty-four years ago, he advised him to place it about one *arpent* nearer the bayou Tortue, the position appearing to him more eligible, but that the plaintiff answered that he could not, as the lines of the adjacent proprietors were very near, and he was afraid of finding himself upon the lands of those who fronted on the woods. The testimony moreover establishes, that the space between the line claimed by the plaintiff, and the bayou Tortue, which is very low ground, has always been considered as public domain, and so treated, by every one. With such evidence before him, it appears to us that the inferior judge did not err in sustaining the defendant's plea of prescription. Civ. Code, art. 3464.

*Judgment affirmed.*